UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13625-GAO

JUAN DAVID QUICHIMBO SUMBA, MIRIAN XIMENA ABARCA TIXE,
and C.M.Q.A., a minor,
Petitioners,

v.

KRISTI L. NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security,
NAME UNKNOWN AT TIME OF FILING, in his or her official capacity as Director of the
New England Field Office for U.S. Immigration and Customs Enforcement, MICHAEL KROL,
in his official capacity as Special Agent in Charge, Homeland Security Investigations, New
England, and TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and
Customs Enforcement,
Respondents.

OPINION AND ORDER
February 9, 2026

O'TOOLE, D.J.

On February 4, 2026, the Court held a status conference at which it denied petitioner Juan David Quichimbo Sumba's application for a writ of habeas corpus to secure his immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). The Court also denied the petitioners' remaining claims, which sought to prevent ICE from enforcing their final orders of removal. Finally, the Court vacated its Order dated December 2, 2025, preventing the petitioners' removal from this District while the Court considered the matter.[1] This opinion follows.

The petitioners, citizens of Ecuador, are each subject to final orders of removal. On December 1, 2025, they filed an application for a writ of habeas corpus challenging a "handwritten

---

[1] This is the third "related" petition—so designated by counsel—to come before this Court involving at least one of the petitioners in this action.

sticky-note 'departure order'" from ICE. (See Pet. for Writ of Habeas Corpus at 1 (dkt. no. 1).) Subsequently, ICE detained petitioner Quichimbo Sumba at an ICE Intensive Supervision Appearance Program office in Burlington, Massachusetts.[2] (See Am. Pet. at ¶ 37 (dkt. no. 7).) On December 9, 2025, the petitioners filed an amended application alleging that Quichimbo Sumba's "detention was unrelated to any new legal development, danger assessment, custody review, or violation of the terms of supervision." (Id.) According to Quichimbo Sumba, "ICE provided no written explanation, no custody redetermination under 8 C.F.R. § 241.4, no amended Order of Supervision under 8 C.F.R. § 241.5, and no process whatsoever." (Id. ¶ 38.) The amended application sought the "immediate release of [Quichimbo Sumba], a stay of [the petitioners'] removal," and a preliminary injunction "restraining ICE from removing, detaining, transferring, or retaliating against them pending resolution of this matter and the pending BIA proceedings." (Id. at 2.)

According to the government, the petitioners "failed to comply" with a June 2025 departure plan issued by Enforcement and Removal Operations ("ERO") Boston after the petitioners' existing orders of removal became final. (Resp'ts' Opp'n to Pet'rs' Am. Pet. Ex. A (Decl. of M. Anzelmo) ¶¶ 17–19 (dkt. no. 9-1).) The government further asserts that "[o]n or about November 18, 2025, ERO Boston instructed the [p]etitioners . . . to voluntarily depart [the United States] on or before December 3, 2025." (Id. ¶ 21.) That instruction is the "departure directive" that the petitioners now challenge. (See Am. Pet. at 3.) In its opposition, the government states that "ERO Boston conducts removals to Ecuador and is ready to proceed with the removal of Quichimbo Sumba." (Decl. of M. Anzelmo ¶ 24.) On February 2, 2026, the government filed a Notice of Intent

---

[2] According to the parties' submissions, petitioners Abarca Tixe and C.Q.M.A. are not in custody.

to Transfer petitioner Quichimbo Sumba outside of this District "to effectuate his final order of removal." (Gov't's Notice of Intent to Transfer at 1 (dkt. no. 12).)

While this Court neither condones nor condemns ICE's course of conduct, it finds that the release requested is not warranted here. Importantly, Quichimbo Sumba has not made any showing to refute the government's representations that it is authorized and stands ready to effectuate his removal. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention is on the petitioner."). Moreover, this is not a case where ICE's compliance with 8 C.F.R. § 241.4 would have resulted in Quichimbo Sumba's release. That is so because, even assuming that ICE's possible failure to comply with certain regulations violated Quichimbo Sumba's procedural due-process rights, that failure does not affect the validity of the underlying final order of removal. And that order is the legal authority for Quichimbo Sumba's pending removal. See 8 U.S.C. § 1231(a)(6); Zadvydas v. Davis, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). Release is not a proper remedy available to the petitioner.

In sum, the record before the Court indicates that Quichimbo Sumba's final removal order is valid and that his removal is imminent. Thus, at this juncture, ordering the petitioner's release may frustrate, or even defeat, what appears to be a legitimate removal process, and "[t]he prompt execution of removal orders is a legitimate governmental interest, which detention may facilitate." See Hernandez-Lara v. Lyons, 10 F.4th 19, 32 (1st Cir. 2021) (citations omitted). Petitioner Quichimbo Sumba's request for immediate release from ICE custody is therefore denied.

Finally, the Court turns to other remaining forms of the relief that the petitioners request in the amended application. Specifically, they ask the Court to "[e]njoin ICE from detaining,

3

transferring, or removing [them]," to "[r]equire ICE to withdraw the unlawful handwritten 'departure order' and any related informal directives," and to "[r]equire ICE to complete deconfliction consistent with [Trafficking Victims protection Act]-implementing policies before any future enforcement action against [p]etitioners." (Am. Pet. at 21, Prayer for Relief ¶¶ 5, 7, & 8.) Put simply, the Court lacks jurisdiction to do so because the requested relief goes to the determined merits of the petitioners' removal orders, 8 U.S.C. § 1252(a)(5), (b)(9), or the agency's discretion to enforce them, id. § 1252(g). See, e.g., Compere v. Riordan, 368 F. Supp. 3d 164, 171 (D. Mass. 2019) (finding lack of jurisdiction over claims seeking "to enjoin ICE from enforcing [an] order of removal"); Doe v. Smith, No. 18-11363-FDS, 2018 WL 4696748, at *11 (D. Mass. Oct. 1, 2018) (finding lack of jurisdiction to stay petitioner's "removal based on the merits"). For these reasons, the petitioners' remaining claims are denied.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge